PEDRO MONTALVO-COLBERG, represented by his father MANUEL MONTALVO COLBERG, Petitioner and Appellant, v. EMPRESA DEL TEATRO CABORROJEÑO and its directors ANTONIO R. CABASSA, JULIO P. CASTRO, FRANCISCO COMAS ORTIZ and ENRIQUE LÓPEZ DELGADO, Respondents and Appellees.

No. 3847. Argued March 16, 1926.—Decided July 16, 1926.

*José Sabater* for the appellant. *Alemany & Ramírez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In an action of mandamus the object of the petition was to make certain named defendants call a general meeting of the directors of the corporation to render an account of the administration and permit the complainant as stockholder to examine the books of a certain corporation. As induce-

ment to this petition it was alleged that the corporation was organized to own and control a theatre, that it did own and control it and that latterly the theatre had been allowed to go to rack and ruin. The petition contained the statement that certain of the named defendants, pretending to be officers or directors of the company, were managing and directing the corporation, disposing of the property as if they had been duly elected officers and directors of the company while in fact the said defendants had never been elected officers or directors of said corporation.

There was an answer and a hearing. The court, we think properly, held that as the complainant himself alleged that the defendants were never legally elected, the petition did not show that the defendants could be compelled to perform the solicited acts; that to order them to do so would confer a new authority which would be in opposition to the direct terms of the law of mandamus,

On appeal the complainant says that at the trial it was shown by the statements of various of defendants that they or some of them some six or eight years before had been duly elected officers or directors of the company; that as a consequence they were "hold-over" directors or officers with power to call the meeting. This was not the trial court theory. The complainant did not amend his petition. Therefore, in the face of an adverse holding by the court a petition should not be considered amended on appeal. The petition is the foundation of petitioner's cause of action. His record is made on his own petition and unless in the court below he takes some step to change his pleading he is bound by it. If the court had found in his favor under certain conditions, the petition might be considered amended on appeal. *People* v. *Valdés*, 31 P.R.R. 213. Likewise, when we are convinced that the complainant has a meritorious case for mandamus, we might in exceptional cases send the case back for further proceedings.

■ The appellant does not satisfy us that the defendants, or any of them, have the present power to summon the directorate, or in any event that they can be compelled to act. Six or eight years before some of the defendants were elected as officials. All who testified in effect say that they were elected for a year and from the end of the time have done absolutely nothing and have in no wise attempted to direct the affairs of the corporation. The treasurer, it is true, testified to receiving the receipts.

The appellant cites certain authorities to show that hold-over directors may perform the acts of the regular directors, but he cites us nothing to show that officers and directors who have completely abandoned any control are such hold-over directors and may be compelled to act by mandamus. Such an abandonment is inconsistent, we think, with the condition of hold-over directors.

The appellant does not show us that the particular defendants had the present power to act under any supposed charter or by-laws of the company. We have no consciousness of what are the rules of the corporation. A former vice-president, a secretary, treasurer and certain directors were found, but under what conditions these directors have a right to act does not appear. The mere fact that the treasurer received certain rents and held them does not of itself establish a hold-over directorate.

■ Furthermore, we agree with the court that the complainant had a more adequte remedy in the form of an application for a receiver. Generally a mandamus will only issue in a clear case.

We see no reason for modifying the judgment as to the matter of costs and the same should be affirmed.

Mr. Justice Hutchison concurred in the result.